UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
HSCM Bermuda Fund Ltd.,

        Plaintiff,

        -against-

24 Capital, LLC, Business Advance Team LLC,
d/b/a Everyday Capital, Newco Capital Group VI
LLC,
        Defendants.
------------------------------------------------------------------ x

Case No. 21-CV-6904

**COMPLAINT**

Plaintiff HSCM Bermuda Fund Ltd. ("HSCM"), by and through its attorneys, Locke Lord LLP, for its complaint against 24 Capital, LLC ("24 Capital"), Business Advance Team LLC, d/b/a Everyday Capital ("Everyday"), and Newco Capital Group VI LLC ("Newco") (collectively, "Defendants") upon knowledge and belief as to its own acts and upon information and belief as to the acts of all others, states and follows:

**PRELIMINARY STATEMENT**

1.    This action is for declaratory judgment and conversion. It arises from HSCM's loans of more than $150,000,000.00 to Seeman Holtz Property and Casualty, Inc. and its successor entity Seeman Holtz Property and Casualty, LLC through a series of transactions starting in 2016.

2.    The loan agreements related to these loans gave HSCM a secured interest in all assets of the Seeman Holtz entity. HSCM filed a series of UCC-1 Financing Statements starting in 2016 perfecting that secured interest.

3.    The Seeman Holtz entity is currently owed receivables from a number of third-parties.

4.    Defendants have each asserted claims to those receivables, among other assets of the Seeman Holtz entity, alleging that they have an interest in those receivables and/or other assets.

5. But all of the purported interests asserted by these Defendants post-date HSCM's secured interest first perfected by the 2016 UCC-1 Financing Statement.

6. HSCM has advised Defendants of their senior secured and perfected interest in the receivables and their proceeds. Yet despite this knowledge, Defendants continue wrongfully in their efforts to freeze or obtain receivables depriving HSCM of their right to the assets, and their proceeds.

7. Accordingly, an actual controversy exists requiring a declaratory judgment adjudicating HSCM as the senior secured interest holder in all assets of the Seeman Holtz entity.

8. Further, as set forth in greater detail herein, the Defendants have committed conversion as to those same assets and their proceeds.

## PARTIES

9. HSCM is an entity incorporated under the laws of Bermuda with its principal place of business located in Bermuda.

10. Upon information and belief, defendant 24 Capital is a limited liability company organized under the laws of the State of New York with its principal place of business located in the State of Connecticut. Upon information and belief, the sole member of 24 Capital resides in Long Island, City, New York.

11. Upon information and belief, defendant Everyday is a limited liability company organized under the laws of the State of New York with its principal place of business located in the State of New York.

12. Upon information and belief, defendant Newco is a limited liability company organized under the laws of the State of New York with its principal place of business in the State of New York.

**JURISDICTION & VENUE**

13. This Court has subject matter jurisdiction over this action pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a)(1). The parties' citizenship is completely diverse and the amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs.

14. Additionally, this Court has jurisdiction over this action pursuant to 12 U.S.C. § 632, which provides for jurisdiction over suits involving international banking where at least one party to the suit is an entity organized under the laws of the United States and the suit arises out of a transaction involving international or foreign banking or financial operations.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the State of New York and, upon information and belief, at least one of the Defendants resides in this judicial district. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

A. **The HSCM Loans**

16. On August 29, 2016, HSCM and HSCM F1 Master Fund Ltd. ("HSCM Master," and collectively, henceforth, with HSCM and other applicable affiliates that were party to the loan documents, "HSCM"), as lenders, made a loan to Seeman Holtz Property and Casualty, Inc. ("SHPC, Inc."), a Florida corporation, as borrower, in the original maximum principal amount of $25,000,000.00 pursuant to a Loan Agreement dated August 29, 2016 (as amended restated, modified, extended, renewed, replaced, supplemented, restructured, and/or refinanced from time to time, the "Loan Agreement") and evidenced by a $2,250,000.00 Promissory Note of even date, among other loan documents.

17. HSCM Master, as administrative agent for itself and HSCM, entered into a Security Agreement with SHPC, Inc. dated August 29, 2016 (as amended restated, modified, extended, renewed, replaced, supplemented, restructured, and/or refinanced from time to time, the "Security Agreement"). The collateral for the debt was all assets of SHPC, Inc. as set forth in the Security Agreement, including without limitation, all accounts, accounts receivable, chattel paper, contract rights, instruments, promissory notes, payment intangibles, and any and all other rights to the payment of monies. In addition, the collateral included, without limitation, all accounts arising out of or in connection with certain insurance policies, all deposit accounts, money, goods, instruments, securities, documents, credits, claims, demands, and any other property rights and interest of SHPC, Inc., and any and all proceeds, including, without limitation, insurance proceeds, and products of any of the foregoing.

18. Additional affiliates and related entities of SHPC, Inc. pledged assets as collateral or provided guaranties to HSCM as security for the loan. SHPC, Inc. agreed to maintain the collateral free from any adverse claims, interests, or encumbrances of any kind or nature.

19. HSCM's security interest in all of the collateral set forth in the Security Agreement was properly perfected through the filing of a UCC-1 Financing Statement on August 31, 2016 with the Florida Secured Transaction Registry. A copy of the foregoing document is attached hereto as <u>Exhibit A</u>.

20. On or around October 26, 2018, SHPC, Inc. converted from a Florida corporation to a Delaware limited liability company, Seeman Holtz Property and Casualty, LLC ("SHPC, LLC," and collectively with applicable affiliates and related entities that were parties to various of the loan documents, "SHPC"). HSCM's collateral continued in all of the assets of SHPC as set forth in the Security Agreement.

21. HSCM's security interest in "[a]ll assets now owned or hereafter acquired by [SHPC, LLC] or in which [SHPC, LLC] otherwise has rights and all proceeds thereof" was properly perfected through the filing of the UCC-1 Financing Statement on October 15, 2018 with the Delaware Department of State. A copy of the foregoing document is attached hereto as <u>Exhibit B</u>.

22. Through and including late 2019, HSCM continued to provide additional loans to SHPC pursuant to the loan documents.

23. SHPC has been in default of the loan documents since at least November of 2019. As a result, HSCM ultimately declared the entire unpaid principal balance and unpaid accrued interest immediately due and owing of more than $150,000,000.00.

24. As a result of SHPC's default, HSCM is entitled to the immediate possession, assemblage, and surrender of all collateral as defined in the Security Agreement and the other loan documents.

25. HSCM is currently owed in excess of $189,000,000.00.

**B.     Defendants' Interference with and Conversion of HSCM's Collateral**

26. On or about April 14, 2021, 24 Capital and National Seniors Insurance Inc. ("National"), entered into an agreement (the "24 Capital Agreement"), whereby 24 Capital purported to purchase a certain amount of future receivables owing to National.

27. On or about April 14, 2021, Everyday and National entered into an agreement (the "Everyday Agreement"), whereby Everyday purported to purchase a certain portion of future receivables owing to National.

28. On or about April 19, 2021, Newco and National entered into an agreement (the "Newco Agreement," and together with the 24 Capital Agreement and the Everyday Agreement,

the "Factoring Agreements"), whereby Newco purported to purchase a certain portion of future receivables owing to National.

29. Upon information and belief, National became indebted to the Defendants on account of each of the Factoring Agreements, and the Defendants subsequently asserted that National had breached each of the Factoring Agreements.

30. As a result, the Defendants have asserted an interest in certain accounts receivable belonging to SHPC and in certain funds held by SHPC in various deposit accounts. Moreover, 24 Capital, Everyday, and Newco have each commenced litigation, in Connecticut, New York, and New York courts respectively, seeking damages against National and several entities including SHPC. *See 24 Capital, LLC v. National Seniors Insurance, Inc., et al.,* Case No. HHD-CV21-6145370-S (Conn. Super. 2021); *Business Advance Team LLC d/b/a Everyday Capital v. National Senior Insurance, Inc., et al.,* Index No. 518091/2021 (Sup. Ct., Kings County, 2021); *Newco Capital Group VI LLC v. National Seniors Insurance, Inc., et al.,* Index No. 808754/2021E (Sup. Ct., Bronx County, 2021).

31. However, SHPC's accounts receivable, and their proceeds in various deposit accounts, are subject to HSCM's perfected first priority security interest in SHPC's assets, including SHPC's accounts receivable and the proceeds therefrom.

32. HSCM's interests in SHPC's accounts receivable, and the proceeds therefrom, have been perfected at all relevant times and remain perfected as of the filing of this Complaint. Pursuant to UCC § 9-315, among other provisions, HSCM's interests in such accounts receivable and their proceeds are therefore superior to any purported interests asserted by the Defendants.

33. HSCM made a demand on each of the Defendants to cease all of their efforts to seize, attach, encumber, or otherwise interfere with HSCM's collateral or the proceeds from such

collateral but was rebuffed.

34. The Defendants' interference with HSCM's priority security interest in its collateral constitutes a substantial and continuing controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. Moreover, the Defendants' unauthorized attempt to seize, attach, encumber, or otherwise interfere with HSCM's collateral constitutes a conversion. This conversion has not only deprived HSCM of its collateral, but by seizing the collateral, Defendants have caused it to diminish in value. Further, Defendants' conversion of the collateral has deprived HSCM of interest, profits, and future profits to which it would have been entitled but for the Defendants wrongfully converting the collateral.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment to Determine the Validity, Priority, and**
**Extent of the Parties' Liens in Property)**

36. HSCM repeats, realleges, and incorporates by reference herein the allegations contained in Paragraphs 1 through 35 as if fully set forth in this First Cause of Action.

37. Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

38. An actual controversy has arisen and now exists between HSCM and the Defendants as to their legal rights and duties for which HSCM seeks a judicial declaration of rights as to such matters, as well as further necessary or proper relief, including injunctive relief.

39. Pursuant to the Uniform Commercial Code, HSCM possesses rights to its collateral in SHPC's assets, including without limitation SHPC's accounts receivable and the proceeds

therefrom, that are superior to any purported interests asserted by the Defendants.

40. HSCM is therefore entitled to: immediate possession and use of its collateral and any proceeds therefrom; protection of that collateral from diminution in value; and, among other things, protections against Defendants' efforts to attempt to seize, attach, encumber or otherwise interfere with that collateral.

41. HSCM has made a demand on each of the Defendants to cease all of their efforts to seize, attach, encumber, or otherwise interfere with HSCM's collateral or the proceeds from such collateral but was rebuffed.

42. This controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43. Based upon the forgoing, HSCM requests the Court enter a declaration determining that HSCM's perfected first priority security interest in SHPC's assets, including SHPC's accounts receivable and the proceeds therefrom, is superior to any purported interests asserted by each of the Defendants.

**AS AND FOR A SECOND CAUSE OF ACTION**
(<u>Conversion</u>)

44. HSCM repeats, realleges, and incorporates by reference herein the allegations contained in Paragraphs 1 through 43 as if fully set forth in this Second Cause of Action.

45. Pursuant to the Uniform Commercial Code, HSCM possesses rights to its collateral in SHPC's assets, including without limitation SHPC's accounts receivable and the proceeds therefrom, that are superior to any purported interests asserted by the Defendants.

46. HSCM is therefore entitled to immediate possession and use of its collateral and any proceeds therefrom.

47. HSCM has made a demand on each of the Defendants to cease all of their efforts

to seize, attach, encumber, or otherwise interfere with HSCM's collateral or the proceeds from such collateral but was rebuffed.

48.     The Defendants' unauthorized and ongoing efforts to seize, attach, encumber, or otherwise interfere with HSCM's collateral or the proceeds from such collateral constitutes a conversion.  These efforts have further diminished the value of HSCM's collateral and caused lost profits and lost future profits that could have been earned by that collateral.

49.     It would violate principles of justice, equity, and good conscience to allow the Defendants to retain any benefits or proceeds that they may have received from HSCM's collateral. The Defendants should be required to disgorge any and all improperly obtained benefits or proceeds to the extent applicable.

50.     Moreover, the Court should award HSCM damages for any diminution of value of its collateral, lost profits, and lost future profits that could have been earned on the collateral, and lost future profits, as well as other harm caused by the Defendants' interference with HSCM's efforts to realize its collateral.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that the Court grant the following relief:

- A. With respect to **Count I**, a Judgment declaring that HSCM's perfected first priority security interest in all of SHPC's assets, including SHPC's accounts receivable and the proceeds therefrom, is superior to any purported interests asserted before or after the date of this Complaint by the Defendants, and is protected from any further efforts by Defendants to seize, attach, encumber or otherwise interfere with those assets.

- B. With respect to **Count II**, (i) a Judgment that the Defendants' unauthorized attempt to seize, attach, encumber, or otherwise interfere with HSCM's collateral constitutes a conversion, (ii) an Order that the Defendants disgorge any and all improperly obtained benefits or proceeds to the extent applicable, and (iii) an award of damages for any diminution of value of HSCM's collateral, lost interest, lost profits, lost future profits, or other harm caused by the Defendants' interference with HSCM's efforts to recover its collateral; and

9

      C.      An Order granting such other relief as the Court deems just and proper.

Dated: New York, New York
       August 16, 2021

                                      */s/ Casey B. Howard*
                                      Casey B. Howard
                                      LOCKE LORD LLP
                                      Attorneys for Plaintiff
                                      Brookfield Place, 200 Vesey Street
                                      20th Floor
                                      New York, NY  10281-2101
                                      212-415-8600