

October 29, 2021

**VIA ECF**:
Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York

      RE:   *HSCM Bermuda Fund Ltd. v. 24 Capital, LLC, et al.* –
              Docket No.: 21-cv-06904 *(AJN)*
              <u>Request For Conference re: Local Rule 26.1</u>

Dear Judge Nathan:

      Our office, Stein Adler Dabah & Zelkowitz, LLP, represents Defendant Business Advance Team LLC d/b/a Everyday Capital ("BAT") in the above referenced action. We write to request a telephonic conference with the Court with regard to Plaintiff's Local Rule 26.1 Request. Plaintiff has not pled facts upon which to assert that the Court has subject matter jurisdiction and the facts in the docket establish that the Court does not have subject matter jurisdiction. Thus, Plaintiff's use of Local Rule 26.1 is improper in this case.

      On October 14, 2021, we objected in writing to Plaintiff's counsel that their demand under Local Rule 26.1 was improper. *Ocean Units LLC v. Ill. Union Ins. Co.*, 2021 U.S. Dist. LEXIS 122746, __ F. Supp. 3d __ (E.D.N.Y. March 23, 2021); *136-61 Roosevelt LLC v. Starbucks Corp.*, 2021 U.S. Dist. LEXIS 124433 (E.D.N.Y. July 2, 2021). As explained by the Eastern District of New York, "a case never gets to Federal Rule of Civil Procedure 26 or Local Civil Rule 26.1 unless the court has already established subject matter jurisdiction." Thus, local rules requiring disclosure are unenforceable if a plaintiff has not even alleged facts that, if true, would be sufficient to establish subject matter jurisdiction. Such rules exceed the rule making power of the Eastern and Southern Districts of New York if they are construed as requiring disclosure before a party has pled facts that are sufficient for the exercise of subject matter jurisdiction. Indeed, it would be contrary to statutory law if parties could commence actions in Federal Court by pleading nothing more than bare legal conclusions, then conduct a discovery fishing expedition to determine if they had a proper basis for commencing the action in the first place.

      This case presents precisely the circumstances in which Local Rule 26.1 cannot apply. As we have previously detailed in our opposition to Plaintiff's motion for a preliminary injunction, Plaintiff has not pled facts upon which the Court can exercise subject matter jurisdiction. Insofar as Plaintiff included a conclusory assertion that jurisdiction arises from 12 U.S.C. § 632, it has not pled any facts giving rise to jurisdiction under that statute. Moreover, insofar as Plaintiff included a conclusory assertion that jurisdiction arises from 28 U.S.C. § 1332(a)(1), Plaintiff has not pled anything about the citizenship of the LLC Defendants' members. Additionally, Plaintiff's allegations about its own citizenship are incomplete and contradicted by its own Form D filings with the SEC. Furthermore, upon further review of the Complaint, Plaintiff has not pled facts upon which the conclude that the amount in controversy is at least $75,000. In fact, Plaintiff's allegations against BAT and the facts set forth in the preliminary injunction motion, demonstrate



that, at most, the amount in controversy is less than $35,000 as between BAT and Plaintiff. *Maitland v Lunn*, 2019 U.S. Dist. LEXIS 113708 (E.D.N.Y. July 2, 2019) (explaining that a plaintiff cannot aggregate their claims against various defendants to meet the amount in controversy requirements).

Despite notifying Plaintiff of our objection over two weeks ago, Plaintiff has made no attempt to meet and confer. Plaintiff, apparently relying upon the Court's order granting adjournment of the deadline to respond to their demand, insists that the Court has already ruled on this issue despite it never having been brought to the Court's attention. In fact, Plaintiff's insistence is plainly without merit because the objection was sent on the same day as the Court adjourned the deadline to respond. Just this morning, Plaintiff's counsel sent us an e-mail correspondence advising us that they intend to bring a contempt application against BAT and the other defendants if we do not comply with their improper demand under Local Rule 26.1 by noon today. Given Plaintiff's apparent intent not to meet and confer via telephone in accordance with the Court's Individual Rules, BAT finds itself unexpectedly making this request for a telephonic conference with the Court.

We have spoken with counsel for co-defendant NewCo Capital Group VI LLC ("NewCo"), and counsel advised that NewCo joins in both our objection and our request for a conference with the Court. We believe a telephonic conference, in accordance with Local Civil Rule 37.2, with the Court will resolve this matter. Thank you kindly for the Court's attention to this matter. Please feel free to contact the undersigned if the Court has any questions, comments, or concerns.

Respectfully yours,
/s/ Christopher R. Murray
Christopher R. Murray, Esq.
Stein Adler Dabah & Zelkowitz, LLP
1633 Broadway, 46th Fl.
New York, New York 10019
Tel: (212) 867-5620
E-Mail: cmurray@steinadlerlaw.com

Cc via ECF:
*Counsel for all parties*