UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HSCM Bermuda Fund Ltd.,

    Plaintiff,

–v–

24 Capital, LLC et al.,

    Defendants.

21-cv-6904 (AJN)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/3/21

ALISON J. NATHAN, District Judge:

The Court on October 14, 2021, granted the Defendants a two-week extension to furnish information pursuant to Local Rule 26.1(b), which requires that parties that are limited liability companies, as all Defendants in this case are, disclose the residence and domicile of their members. Dkt. No. 50.

On October 29, 2021, Defendant Business Advance Team LLC ("BAT") filed a letter requesting a telephone conference because, it argued, it was not obligated to disclose the information required by Local Rule 26.1 until the Court established its subject matter jurisdiction. Dkt. No. 54. Plaintiff HSCM Bermuda Fund, Ltd. filed a response later on October 29, arguing that BAT must comply with the Court-imposed deadline to furnish information under Local Rule 26.1 and that the Court should sanction BAT for contempt of the Court's order. Dkt. No. 55. BAT filed a reply that same day in which it further argued that HSCM failed to plead sufficient facts to establish subject matter jurisdiction and so it need not comply with Local Rule 26.1. Dkt. No. 56.

The Court rejects BAT's argument. Local Rule 26.1 is designed to be an "effective tool for determining quickly whether or not there is a basis to challenge diversity jurisdiction." Local

Rule 26.1 committee note; *see Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). For that reason, "Local Civil Rule 26.1 may not be used as a tool for prelitigation discovery" but may be enforced as a means to determine the Court's jurisdiction. *Qiu v. Shanghai Cuisine, Inc.*, No. 18 CIV. 5448 (ER), 2021 WL 3929242, at *2 (S.D.N.Y. Sept. 1, 2021); *see also Ting Qiu Qiu v. Shanghai Cuisine*, Inc., No. 18 CIV. 5448 (ER), 2020 WL 8678078, at *4 (S.D.N.Y. July 13, 2020).

BAT cites for the contrary position a footnote in *Ocean Units LLC v. Illinois Union Insurance Co.*, No. 21-CV-1316 (BMC), 2021 WL 2643722, at *1 n.2 (E.D.N.Y. Mar. 23, 2021), which states that "a case never gets to Federal Rule of Civil Procedure 26 or Local Civil Rule 26.1 unless the court has already established subject matter jurisdiction."[1] The Court disagrees, however, following the long-standing principle that a district court has "the inherent and legitimate authority . . . to issue process and other binding orders . . . as necessary for the court to determine and rule upon its own jurisdiction, including jurisdiction over the subject matter." *U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S. 72, 79 (1988) (citing *United States v. Shipp*, 203 U.S. 563, 573 (1906)); *see also Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 934 (2d Cir. 1992), *abrogated on other grounds by Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343 (2d Cir. 2000). Indeed, BTA's position would create a paradoxical situation in which the Court must first assure itself of its subject matter jurisdiction before it can obtain the information necessary to make that assurance. That cannot be, and is not, the law. *Cf.*

---

[1] Local Rule 26.1 is identical for the Southern and Eastern Districts of New York.

*Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 27 (2d Cir. 2010) ("As always, we have jurisdiction to determine our jurisdiction.").

The Court therefore orders BAT to furnish the information required by Local Rule 26.1(b) by November 5, 2021.

The Court denies HSCM's contempt motion.  The Court has considered the factors for civil contempt and determined, within its discretion, that sanctions would be inappropriate at this time.  *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).  The Court's Order dated October 14, 2021, was made without knowledge of BAT's objection to Local Rule 26.1.  And while BAT's argument lacked merit, the Court finds that it was not frivolous or made in bad faith.  The Court cautions, however, that any future objection to an Order of this Court or a party's discovery request must be raised to the Court in a timely manner—that is, *before* the requested material is due—and only after the parties meet and confer in good faith.  Further, the Court will take account of the delay caused by BAT's objection in considering any future extension requested by HSCM.

Last, the Court denies BAT's motion for a phone conference because it is unnecessary.

This resolves docket numbers 54 and 55.

SO ORDERED.

Dated: November 3, 2021
       New York, New York

ALISON J. NATHAN
United States District Judge

3