| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>HSCM BERMUDA FUND LTD., and　　　　　:<br>HSCM F1 MASTER FUND LTD.,　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Plaintiffs,　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　-against-　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>NEWCO CAPITAL GROUP VI LLC,　　　　　:<br>　　　　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　Defendant.　　:<br>-------------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __8/5/22__<br><br>21-CV-06904<br><br>OPINION AND ORDER |

VALERIE CAPRONI, United States District Judge:

Plaintiffs HSCM Bermuda Fund Ltd. and HSCM F1 Master Fund Ltd. (together, "HSCM") have sued Defendant Newco Capital Group VI LLC ("Newco") seeking a declaratory judgment as well as damages for conversion and replevin. *See* First Am. Compl. ("FAC"), Dkt. 81. These claims arise out of Newco's purported interference with Plaintiffs' security interest in the assets of Seeman Holtz Property and Casualty, LLC and affiliates ("SHPC"). *Id*. Newco has moved to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Not. of Mot., Dkt. 90; Def. Mem. of Law, Dkt. 92. For the reasons discussed below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND[1]

On August 29, 2016, Plaintiffs lent Seeman Holtz Property and Casualty, Inc. ("SHPC, Inc."), a Florida corporation, $25 million pursuant to a Loan Agreement dated August 29, 2016. FAC ¶ 17. The parties subsequently agreed to increase the loan amount. *Id*. That same day, as security for the Loan Agreement, HSCM F1 Master Fund Ltd., as administrative agent for itself,

---

[1] The facts are taken from the FAC, *see* Dkt. 81, and are assumed true for purposes of deciding Defendant's motion to dismiss.

HSCM Bermuda Fund Ltd., and others, entered into a Security Agreement with SHPC, Inc.  *Id.* ¶ 18.  According to the FAC, the loan was secured by a pledge of collateral of: "all assets of SHPC, Inc. . . . including . . . all accounts, accounts receivable, . . . and any and all other rights to the payment of monies" as well as "all accounts arising out of or in connection with certain insurance policies, [and] all deposit accounts . . . of SHPC, Inc., and any and all proceeds . . . of any of the foregoing."  *Id.*  Plaintiffs' security interest was perfected through the filing of a UCC-1 Financing Statement on August 31, 2016, with the Florida Secured Transaction Registry.  *Id.* ¶ 20.

On October 26, 2018, SHPC, Inc. converted from a Florida corporation to SHPC, a Delaware limited liability company.  Plaintiffs' security interest in "[a]ll assets now owned or hereafter acquired by [SHPC] or in which [SHPC] otherwise has rights and all proceeds thereof" was perfected through the filing of the UCC-1 Financing Statement on October 15, 2018 with the Delaware Department of State.  *Id.* ¶¶ 21–22.

SHPC has been in default on the loan since at least November 2019.  Plaintiffs declared a default and further declared the entire unpaid principal balance and unpaid accrued interest immediately due, amounting to an aggregate debt of more than $180 million.  *Id.* ¶ 24.

On April 19, 2021, Newco and National Seniors Insurance Inc. ("National") entered into a factoring arrangement pursuant to which Newco obtained an interest in future receivables owed to National.[2]  *Id.* ¶ 28.  Newco then asserted an interest in certain accounts receivable that belong to SHPC and in certain funds held by SHPC in various deposit accounts.  Among other actions, Newco contacted certain of SHPC's vendors and account debtors and demanded that those

---

[2]  Although the FAC is silent on the relationship between SHPC and National, SHPC submitted a declaration in support of Plaintiffs' motion for a preliminary injunction in which Michael Kaminer, Operations Counsel of SHPC, asserted, somewhat cryptically: "SHPC is operated independently of National.  SHPC is not a parent or subsidiary of National."  Kaminer Decl., Dkt. 18 ¶ 21.

entities pay certain amounts that they owed to SHPC directly to Newco instead. *Id*. ¶ 34. Newco has sued SHPC for $870,920.20. *Id*. ¶¶ 37, 51.

Plaintiffs allege that their interests in SHPC's accounts receivable and any proceeds of the accounts receivable are superior to any interest of Newco's. *Id*. ¶ 40. Plaintiffs claim that they made a demand on Newco to cease all of its efforts to seize, attach, encumber, or otherwise interfere with Plaintiffs' collateral or the proceeds from such collateral, but they were rebuffed. *Id*. ¶ 41. Due to the demands of Newco (and others)[3], SHPC's vendors and other contract-counterparties have purportedly restricted SHPC's access to at least $900,000 that is owed to SHPC. *Id*. ¶ 43. Additionally, some vendors and contract-counterparties have said that they will freeze additional funds owed to SHPC in response to Newco's demands. *Id*. In all, Plaintiffs claim that at least $1.4 million in money otherwise owing to SHPC, and in which HSCM has a security interest, has been rendered inaccessible to both SHPC and HSCM as a result of Newco's conduct. *Id*.

Plaintiffs commenced this lawsuit against Newco and two other Defendants. *See* Compl., Dkt. 1. After Defendants moved to dismiss, Plaintiffs filed an FAC. *See* FAC, Dkt. 81. Newco moved to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), *see* Not. of Mot., Dkt. 90; Def. Mem. of Law, Dkt. 92, which Plaintiffs opposed, *see* Pls. Resp., Dkt. 105. Newco did not file a reply brief.

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). "The party

---

[3] The others making demands were initially named as Defendants in this case. Plaintiffs' claims against all Defendants other than Newco have since been settled or dismissed. *See* Order, Dkt. 122; Order, Dkt. 127.

3

invoking jurisdiction bears the burden of establishing that jurisdiction exists." *Buday v. N.Y. Yankees P'ship*, 486 F. App'x 894, 895 (2d Cir. 2012) (cleaned up). In deciding a motion to dismiss for lack of subject-matter jurisdiction, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (cleaned up).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). When considering a Rule 12(b)(6) motion, the Court draws all reasonable inferences in the light most favorable to the plaintiff. *See Gibbons v. Malone*, 703 F.3d 595, 599 (2d Cir. 2013) (citation omitted).

I. **The Court Has Subject-Matter Jurisdiction**

A federal court has diversity jurisdiction to adjudicate a case involving state law when the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The parties in this case are of diverse citizenship; Plaintiffs are citizens of Bermuda, and Defendant is a citizen of New York, Florida, and Puerto Rico. *See* FAC ¶¶ 10, 14; Def. Mem. of Law at 2 (acknowledging diverse citizenship). The

parties dispute, however, whether the amount in controversy exceeds $75,000. *See* Def. Mem. of Law at 2–3.

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (citation omitted). But courts in the Second Circuit recognize "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde–Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999) (citation omitted). "To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show 'to a legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (citation omitted). "Where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." *Tongkook*, 14 F.3d at 785. Because 28 U.S.C. § 1332(a) "confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement." *Wolde–Meskel*, 166 F.3d at 62 (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (permitting aggregation in cases in which a single plaintiff seeks to aggregate two or more claims against a single defendant)).

Although the exact value of Plaintiffs' claims may be uncertain, they have alleged facts that establish a "reasonable probability" that their claim is worth in excess of $75,000. Specifically, Plaintiffs seek (1) declaratory judgment determining that their interest in SHPC's assets is superior to any interests asserted by Defendant, *see* FAC ¶ 61, (2) damages and equitable relief related to Defendant's purported conversion of Plaintiffs' interest, *id.* ¶¶ 67–69,

5

and (3) a judgment of possession of their collateral over Defendant, *id.* ¶ 77. Plaintiffs have carried their burden to show that their claims exceed the statutory jurisdictional amount.

In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975). Plaintiffs allege SHPC owes them in excess of $180 million and that "Defendant Newco claims to be owed $870,920.20 from SHPC." FAC ¶ 51. Plaintiffs seek a declaration that their interest in SHPC's assets as security for their loan is superior to Defendant's. Thus, the amount in controversy under the first claim is the value to Plaintiffs of a declaration that their lien is superior to Defendant's claim to $870,920.20 of SHPC's assets. Such a declaration would give Plaintiffs greater security in their ability to collect money owed them by SHPC. Although the value of the security is uncertain, the Court finds that there is a reasonable probability that its value exceeds $75,000. Indeed, $75,000 represents less than 1% of the principal amount in controversy and less than 10% of Defendant's asserted claim on SHPC's assets. Defendant has not shown to a legal certainty that this benefit is worth less than $75,000.

Plaintiffs also assert a claim for conversion, arguing that Newco's unlawful efforts to encumber SHPC's accounts receivable have diminished the value of Plaintiffs' collateral and resulted in lost profits and lost future profits. *See id.* ¶ 66. Specifically, Plaintiffs assert that at least $1.4 million in SHPC funds, which are subject to Plaintiffs' superior interest, have been frozen, some in connection with Newco's claim that SHPC owes it $870,920.20. *Id.* ¶¶ 46, 51. According to Plaintiff, these funds are critical to SHPC's operations and ability to meet its obligations. *Id.* ¶ 47. These facts further support an inference of good faith on the part of Plaintiffs in claiming that the amount in controversy exceeds $75,000. The Court finds it

reasonable to conclude that Newco's actions to freeze SHPC's assets have impeded SHPC's operations and diminished the value of HSCM's collateral. Thus, both individually and together, Plaintiffs' claims for declaratory judgment and conversion create a reasonable probability that the value of Plaintiffs' claim exceeds $75,000.[4]

Defendant argues that Plaintiffs bear the burden to prove jurisdiction by a preponderance of the evidence. *See* Def. Mem. of Law at 3 (citing *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019)). Although this standard holds "generally," *Broidy*, 944 F.3d at 443 (citation omitted), it does not apply specifically to the amount in controversy required for federal subject-matter jurisdiction. *See Tongkook*, 14 F.3d at 784. Instead, the applicable burden is one of establishing a reasonable probability of the damages asserted, with a presumption that Plaintiffs have alleged the amount of those damages in good faith. *See id.*; *see also GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 50–51 (2d Cir. 2019) (holding that the reasonable probability threshold "is not an onerous burden") (citation omitted).

Defendant also argues that Plaintiffs' claims are too speculative, arguing that "conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient." Def. Mem. of Law at 3 (citing *Valente v. Garrison From Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016)). Defendant mischaracterizes the holding of *Valente*. In *Valente*, the court rejected the plaintiff's assertions because "neither the Notice nor the Amended Notice provide[d] any information concerning the nature and extent of Plaintiff's injuries, the treatment he received, or other losses he conceivably suffered," leaving the court "to guess at the amount in controversy based on the Complaint's boilerplate allegations[.]" 2016 WL 126375, at

---

[4] Because the Court finds that there is a reasonable probability that the value of Plaintiffs' claim is in excess of the statutory requirement based on their claims for declaratory judgment and conversion, the Court declines to assess the contribution of Plaintiffs' claim for replevin. *See* FAC ¶ 71. That claim will, in any event, be dismissed for failure to state a claim. *See infra* at Section II(C).

7

\*2. Here, in contrast, Plaintiffs have identified the specific quantities of money purportedly owed to them by SHPC, sought by Newco, and frozen by SHPC's banks and debtors in response to claims made by Newco. *See also Juarbe v. Kmart Corp.*, No. 05-CV-1138, 2005 WL 1994010, at \*2 (S.D.N.Y. Aug. 17, 2005) (finding the amount in controversy requirement satisfied based on a qualitative description of damages indicating "a likelihood that the $75,000 threshold will be met").

Defendant argues further that Plaintiffs' claims are insufficient because they do not allege a specific conversion by Newco. *See* Def. Mem. of Law at 4–5. Not only does this argument overlook Plaintiffs' claim for declaratory judgment, but it is also simply inaccurate. Plaintiffs allege that Newco claims to be owed $870,920.20 by SHPC, and that Newco's claim has interfered with Plaintiffs' access to their collateral. *See* FAC ¶¶ 51, 66. Plaintiffs' claims thus sufficiently relate to Newco specifically to establish with reasonable probability that the value of their claim against Newco exceeds $75,000.

In sum, Plaintiffs have established a reasonable probability that their claim exceeds the statutory threshold, and Defendant has not demonstrated to a legal certainty that the amount sought does not meet the jurisdictional threshold. Accordingly, Defendant's motion to dismiss for lack of subject-matter jurisdiction is denied.

## II. Plaintiffs Have Stated a Claim for Declaratory Judgment and Conversion, But Not for Replevin

Defendant urges the Court to dismiss all of Plaintiffs' claims. Def. Mem. of Law at 1–2. For the reasons discussed below, the Court finds that Plaintiffs have stated claims for declaratory relief and conversion. Plaintiffs' claim for replevin, however, is dismissed for failure to state a claim on which relief can be granted.

### A. Plaintiffs Have Stated a Claim for Declaratory Relief

"The Declaratory Judgment Act permits a district court, in a case of actual controversy within its jurisdiction, to declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought." *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348, 353 (2d Cir. 2020) (per curiam) (cleaned up). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and Controversies' that are justiciable under Article III of the Constitution." *Id.* (cleaned up). An action seeking declaratory relief satisfies the case-or-controversy requirement if the dispute: (1) "is definite and concrete, touching the legal relations of parties having adverse legal interests"; and (2) "is real and substantial, such that it admits of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* at 353–54 (cleaned up) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The "party seeking a declaratory judgment bears the burden of proving the district court has jurisdiction." *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (per curiam) (citation omitted).

Here, Plaintiffs' FAC plausibly alleges a substantial controversy between the parties. Plaintiffs allege that they have a senior secured and perfected interest in SHPC's assets that is superior to any purported interests asserted by Defendant, and that this status entitles them to protection against Defendant's efforts to interfere with that collateral. FAC ¶¶ 22, 57–58. Further, Plaintiffs allege that Defendant has rebuffed their demands to cease interfering with their collateral. *Id.* ¶ 59. The FAC thus establishes a substantial controversy between parties having adverse legal interests. Plaintiffs seek conclusive relief regarding their collateral, rather than an opinion advising what the law would be upon a hypothetical state of facts. Accepting

9

Plaintiffs' allegation that they have a perfected security interest in SHPC's assets that is superior to Defendant's interest, Plaintiffs have established a plausible claim for a declaratory judgment.

Defendant argues that Plaintiffs seek not merely a declaratory judgment, but instead a permanent injunction against Newco from enforcing its rights as a creditor. *See* Def. Mem. of Law at 6. That assertion is simply false. Plaintiffs seek "a declaration determining that Plaintiffs' perfected priority security interest in SHPC's assets, including SHPC's accounts receivable and the proceeds therefrom, is superior to any purported interests asserted by [Newco.]" FAC ¶ 61. Such a declaration would not enjoin Newco from enforcing its rights in SHPC's assets that are subject to Plaintiffs' potentially superior interest. Indeed, the cases cited by Defendant stand for the proposition that junior creditors may enforce their rights in collateral, but their right to do so is subject to the priority of senior creditors with regard to the proceeds of any sale of repossessed collateral. *See* Def. Mem. of Law at 7 (citations omitted). Thus, Plaintiffs' desired declaratory judgment would not run afoul of protections for junior creditors under New York law.

In sum, accepting Plaintiffs' factual allegations as true and drawing all reasonable inferences in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have plausibly alleged that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, Defendant's motion to dismiss Plaintiffs' claim for declaratory judgment is denied.

### B. Plaintiffs Have Stated a Claim for Conversion

"Conversion is any unauthorized exercise of dominion or control over property by one who is not the owner of the property which interferes with and is in defiance of a superior possessory right of another in the property." *Moses v. Martin*, 360 F. Supp. 2d 533, 541

(S.D.N.Y. 2004) (internal quotation marks and citation omitted). "The two key elements of conversion are (1) the plaintiff's possessory right or interest in the property and (2) the defendant's dominion over the property or interference with it, in derogation of the plaintiff's rights." *Zamora v. FIT Int'l Grp. Corp.*, 834 F. App'x 622, 629 (2d Cir. 2020) (cleaned up).

Plaintiffs have alleged sufficient facts for the Court to infer plausibly both elements with respect to the SHPC accounts receivable. First, Plaintiffs claim that they are entitled to immediate possession of SHPC's accounts receivable. They allege that they have a security interest in "'[a]ll assets now owned or hereafter acquired by [SHPC] or in which [SHPC] otherwise has rights and all proceeds thereof', and that this interest was properly perfected through the filing of the UCC-1 Financing Statement on October 15, 2018, with the Delaware Department of State." *See* FAC ¶ 22 (citing UCC-1 Financing Statement, Ex. B, Dkt 81-2). Plaintiffs allege that SHPC has been in default of the loan secured by Plaintiffs' lien since at least November 2019, and that Plaintiffs declared a default and further declared the entire unpaid principal balance and unpaid accrued interest due. *See id.* ¶ 24. Second, Plaintiffs allege that Newco has interfered with their property interest in SHPC's assets by asking SHPC's vendors to pay Newco, not SHPC, and by commencing litigation seeking damages from SHPC. *See id.* ¶¶ 34, 37, 51. Plaintiffs allege that these actions have resulted in the freezing of SHPC's assets in derogation of Plaintiffs' rights. *See id.* ¶ 3. Plaintiffs have thus plausibly stated a claim for conversion.

Defendant argues that that the FAC fails because it does not identify a "specific identifiable thing" that has been converted. *See* Def. Mem. of Law at 8 (citing *Moses*, 360 F. Supp. 2d at 541). Plaintiffs argue, however, that the FAC sufficiently identifies the money that Newco converted. *See* Pls. Resp. at 15–16; *see also Pioneer Com. Funding Corp. v. United*

11

*Airlines, Inc.,* 122 B.R. 871, 885 (S.D.N.Y. 1991) ("There is no prohibition on instituting a conversion claim for money, provided it is 'specific money.'") (citation omitted); *In re Refco Sec. Litig.,* 759 F. Supp. 2d 301, 328 (S.D.N.Y. 2010) (holding that funds may be specifically identifiable even where they are not alleged to be held in a segregated account and that identifiability raises a question of fact).

The Court agrees with Plaintiffs. "The relevant question at the motion-to-dismiss stage is not whether Plaintiffs have alleged an exact sum of money in their complaint." *Grgurev v. Licul et al.*, 229 F. Supp. 3d 267, 287 (S.D.N.Y. 2017). "Rather, the question is whether the money alleged to have been converted is specifically 'identifiable' or, put another way, whether it is *capable* of 'being described or identified in the same manner as a specific chattel.'" *Id.* (quoting *9310 Third Ave. Assocs., Inc. v. Schaffer Food Serv. Co.*, 210 A.D.2d 207, 208 (2d Dep't 1994)) (emphasis in original). Plaintiffs have alleged that Defendant converted money that is identifiable. Specifically, they claim that certain of SHPC's accounts were frozen because of Newco's unlawful interference. *See* FAC ¶ 36; Pls. Resp. at 15–16. Those accounts, by definition, are specifically identifiable and segregated. Therefore, Plaintiffs have sufficiently alleged that a specific identifiable thing was converted.

Defendant further argues that Plaintiffs have to first claim and seek possession of their collateral prior to bringing a claim for conversion. *See* Def. Mem. of Law at 8 (citing *SK Glob. Am., Inc. v. John Roberts, Inc.*, 6 A.D.3d 179, 180 (1st Dep't 2004)). But Defendant has mischaracterized the primary case on which it relies. Ruling on the parties' motions for summary judgment, the *SK Global* court recognized that "a secured party's right to possession of collateral upon default may be asserted against a third party in possession . . . ." *SK Glob. Am., Inc.*, 6 A.D.3d at 180 (citation omitted). The court recognized the secured party's right to

possession because there had been "default and proper notification to [debtor] of that event". *Id.* at 179. Here, Plaintiffs allege that they "declared a default [to SHPC] and further declared the entire unpaid . . . balance . . . immediately due . . . ." *See* FAC ¶ 24. They thus have adequately alleged that they claimed possession of their collateral in the same manner as the plaintiff in *SK Glob. Am.*

In sum, Plaintiffs have adequately alleged that they have a possessory right to SHPC's assets, and that Newco interfered with those assets in derogation of Plaintiffs' rights. Accordingly, Newco's motion to dismiss Plaintiffs' conversion claim is denied.

### C. Plaintiffs Fail to State a Claim for Replevin

"[R]eplevin is a remedy employed to recover a specific, identifiable item of personal property." *Heckl v. Walsh,* 122 A.D.3d 1252, 1254 (4th Dep't 2014). "'A cause of action sounding in replevin must establish that the defendant is in possession of certain property [to] which the plaintiff claims to have a superior right.'" *SE Fin., LLC v. Broadway Towing, Inc.*, 117 A.D.3d 715, 715 (2d Dep't 2014) (quoting *Nissan Motor Acceptance Corp. v. Scialpi,* 94 A.D.3d 1067, 1068 (2d Dep't 2012)).

Plaintiffs do not allege that Defendant is in possession of property to which Plaintiffs have a superior right. Plaintiffs' replevin claim rests on the assertion that Defendant claims SHPC owes it $870,920.20. *See* FAC ¶ 51. In support of this claim, Plaintiffs allege that Newco has "interfered with certain of Plaintiffs' collateral." *See id.* ¶ 75. Indeed, Plaintiffs seek an order entitling them to possession of their collateral whether it is in "Defendant['s] possession or in the possession of any of the other third parties." *See id.* ¶ 73.

Plaintiffs fail to address Defendant's argument that a claimant cannot sustain an action for replevin when the property subject to the action is not alleged to be in Defendant's

possession. *See* Pls. Resp. at 16–18.  Plaintiffs' argument in their response brief rests on the claim that courts have granted the type of relief that Plaintiffs seek.  *See id.* at 17 (citing *Amerisourcebergen Corp. v. Hood Med. Servs., Inc.*, No. 05-CV-794, 2005 WL 2230232, at *4 (S.D. Ohio Sept. 13, 2005)).  But Plaintiffs mischaracterize the holding of that case.  In *Amerisourcebergen*, the court ordered the defendants to transfer their accounts receivable to the plaintiff.  *See* 2005 WL 2230232, at *4.  Importantly, the defendants were the owners and possessors of the accounts receivable at issue.  *Id.*  That holding is inapposite to the instant case because there is no allegation that Newco possesses the accounts receivable that Plaintiffs seek.

Therefore, the Court finds that Plaintiffs have not stated a claim for replevin, and Defendant's motion to dismiss that claim is granted.

### D. The FAC Gives Adequate Notice to Defendant

Finally, Newco argues separately that the FAC does not meet the requirements of Federal Rule of Civil Procedure 8 because it contains general allegations against the three Defendants that were initially named instead of against Newco specifically.  *See* Def. Mem. of Law at 11–13.  Plaintiffs argue, however, that they have given Newco fair notice of the specific conduct by Newco that gives rise to their claims.  *See* Pls. Resp. at 19–20.

Rule 8 "requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *See Medina v. Bauer*, No. 02-CV-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)); *see also Lippe v. Bairnco Corp.*, 225 B.R. 846, 860 (S.D.N.Y. 1998) ("plaintiffs cannot simply 'lump' all the defendants together and allege that the purported acts of every defendant can be imputed to every other defendant").

Although the FAC is not a model of excellent drafting, the Court agrees with Plaintiffs that it is adequate.  Plaintiffs' claims rest on specific allegations that Newco independently attempted to exercise improper dominion over SHPC's assets.  *See* FAC ¶¶ 34, 37, 51.  The FAC thus gives Newco fair notice of Plaintiffs' claims and the factual basis for them.  *See also Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 235 (S.D.N.Y. 2014) (holding that complaints fail the requirements of Rule 8 where they fail "to distinguish *at all* between any of the Defendants") (citation omitted) (emphasis in original).  Accordingly, the Court finds that Plaintiffs have met the requirements of Rule 8.

## CONCLUSION

For the foregoing reasons, Defendant's motion is GRANTED in part and DENIED in part.  Plaintiffs' replevin claim is DISMISSED with prejudice for failure to state a claim.  Plaintiffs may proceed against Newco, however, on the other claims.

The Court directs the parties to meet and confer regarding whether they seek a referral to the District mediation program or their assigned Magistrate Judge for a settlement conference.  The parties must submit a status update to the Court not later than **August 29, 2022** regarding whether they seek a referral; if they do not, they must propose a discovery schedule and inform the Court whether either party objects, in light of the parties' stipulation to a restraining order that remains in effect until the resolution of Plaintiffs' motion for a preliminary injunction, *see* Stip., Dkt. 30, to the Court consolidating the pending motion for a preliminary injunction with a trial on the merits, Fed. R. Civ. P. 65(a)(2).

The Clerk of Court is respectfully directed to close the open motion at Docket Entry 90.

**SO ORDERED.**

**Date:  August 5, 2022**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

15